Nos. 16-2539, 16-2563

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CISCO SYSTEMS, INC.**

                Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**

                Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ARISTA NETWORKS, INC.**

                Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**

                Appellee.

Appeal from the United States International Trade Commission,
Investigation No. 337-TA-944

## APPELLANT ARISTA NETWORKS INC.'S
## MOTION TO MARK ADDITIONAL MATERIAL CONFIDENTIAL

Ruffin B. Cordell
Michael J. McKeon
Lauren A. Degnan
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
degnan@fr.com

Brian P. Boyd
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309

*Counsel for Appellant Arista Networks, Inc.*

## GROUNDS FOR THE MOTION AND RELIEF SOUGHT

Pursuant to Federal Circuit Rule 28(d)(1)(A), Arista Networks Inc. ("Arista") hereby moves to mark as confidential more than fifteen words in its Opening Brief. A total of forty-nine (49) words are marked confidential in Arista's Opening Brief.[1] Marking these words confidential is necessary because they discuss and quote information that Cisco Systems, Inc. ("Cisco") designated "Confidential Business Information" under the ITC's Protective Order, which precludes Arista from disclosing them publicly, and because Arista needs to include them to develop its claim construction arguments properly. *See* Fed. Cir. R. 28(d)(1)(A).

## LEGAL ARGUMENT

The words marked confidential in Arista's opening brief have all been redacted, at the direction of Cisco's counsel, because they discuss and quote information that Cisco designated as "Confidential Business Information" in the underlying ITC investigation. *See* Arista Op. Br. (Confidential) at 30. As reflected in Arista's Opening Brief, Arista needs to refer to such information to develop its claim construction arguments properly. *See id.*; *see also* Fed. Cir. R. 28(d)(1)(A).

---

[1] Arista's Opening brief marks confidential forty-nine (49) unique words, some of which are marked multiple times pursuant to Fed. Cir. R. 28(d)(1)(A). In total, sixty-nine (69) words are marked.

However, the ITC's Protective Order prevents Arista from disclosing this information publicly. Specifically, the ITC issued a Protective Order under 19 C.F.R. § 210.5, permitting the designation of certain trade secrets and other proprietary information as Confidential Business Information:

> Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

Ex. A (*Certain Network Devices, Related Software and Components Thereof*, Inv. No. 337-TA-944, Order No. 1 (Protective Order) (January 28, 2015)) at 1. The Protective Order prohibits Arista's counsel from publicly filing or disclosing Cisco's Confidential Business Information without Cisco's written permission. *Id.* at 2-3.

Arista discussed the cited information with Cisco, and Cisco maintained its position that the information was confidential and could not be filed publicly in Arista's Opening Brief. Thus, in order not to violate the ITC's protective order,

2

Arista must redact more than fifteen words from Arista's Opening Brief, which exceeds the limit for material marked confidential prescribed by Federal Circuit Rule 28(d)(1)(A). Accordingly, Arista moves the Court to mark as confidential the forty-nine (49) words in its Opening Brief containing Cisco Confidential Business Information.

      Counsel for Arista has discussed this Motion with counsel for Cisco and the ITC. Neither Cisco nor the ITC opposes this Motion or intends to file a response.

Dated: September 23, 2016

Respectfully submitted,

/s/ *Lauren A. Degnan*

Ruffin B. Cordell
Michael J. McKeon
Lauren A. Degnan
Linhong Zhang
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: 202-783-5070

Brian P. Boyd
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: 404-892-5005

*Counsel for Appellant Arista Networks, Inc.*

# CERTIFICATE OF INTEREST

Counsel for the Appellant Arista Networks, Inc. certifies the following:

1. The full name of every party or amicus represented by me is: Arista Networks, Inc.

2. The name of the real party in interest: Arista Networks, Inc.

3. Parent corporations and any publicly held companies that own 10% or more of the stock of the party are: None.

4. The names of all law firms and the partners and associates that appeared for the party in the lower tribunal or are expected to appear for the party in this court and who are not already listed on the docket for the current case are:

   **Fish & Richardson P.C.**: Frank J. Albert; Michael J. Ballanco*; Juanita R. Brooks; Robert P. Courtney; John A. Dragseth; Christopher W. Dryer; Thomas F. Fusco; Alexksandr Gelberg; Daniel R. Gopenko; David J. Goren; Kevin E. Greene*; David J. Healey; Leeron G. Kalay; Steven A. Katz; Andrew R. Kopsidas; Zachary Loney; Ralph A. Phillips; Elizabeth G.H. Ranks; Jennifer M. Rea*; Thomas H. Reger II; W. Karl Renner; Adam R. Shartzer; Christopher Smith*; Seth M. Sproul; Richard A. Sterba; Kevin Su; Michael C. Tyler; Ronald Vogel; Markus Weyde; Linhong Zhang
   *no longer with the Firm

   **Keker & Van Nest LLP**: Brian Ferrall; Michael Kwun; Elizabeth K. McCloskey; David J. Silbert; Robert A. Van Nest

   **Latham & Watkins LLP**: Matthew Aichele; Dale Chang; Michael A. David; Adam M. Greenfield; Julie M. Holloway; Jeffrey G. Homrig; Brian W. Lewis; Alex Manlap Li; Douglas E. Lumish; Nathanial J. McPherson; Bert C. Reiser; Brett Sanford; Amy L. Thomas; Thomas W. Yeh; Patricia Young

   **Mayer Brown LLP**: Warren Payne; Howard W. Waltzman

**Tensegrity Law Group, LLP:** Paul T. Ehrlich; Robert L. Gerrity; William P. Nelson; Matthew D. Powers; Stefani C. Smith; Jonathan G. Tamiami

Date: September 23, 2016        */s/Lauren A. Degnan*
                                Lauren A. Degnan

## CERTIFICATE OF SERVICE

I certify that on September 23, 2016, I caused to be electronically filed the foregoing Motion To Mark Additional Material Confidential using the Court's CM/ECF filing system. Counsel for all other parties were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) and 25(b).

>*/s/ Lauren A. Degnan*
>Lauren A. Degnan

# Exhibit A

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN NETWORK DEVICES,
RELATED SOFTWARE AND
COMPONENTS THEREOF (I)

Inv. No. 337-TA-944

Order No. 1: PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

2. (a) Any information submitted, in prehearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. During the prehearing phase of this investigation, such information whether submitted in writing or in oral testimony shall be disclosed only *in camera* before the Commission or the administrative law judge.

(b) The administrative law judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the administrative law judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the administrative law judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation

(unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain network devices, related software, and components thereof, which are the subject of this investigation); (iv) the Commission, the administrative law judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.[1]

    4.    Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation.

    5.    If the Commission or the administrative law judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be

---

[1] *See* Commission Administrative Order 97-06 (Feb. 4, 1997).

considered subject to it, unless the Commission or the administrative law judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Commission or the administrative law judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the administrative law judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. The Commission, the administrative law judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the administrative law judge.

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the administrative law judge that information designated as confidential, is no longer confidential, the Commission, the administrative law judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access of such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to declassify or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the administrative law judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while an investigation is before the administrative law judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the

5

subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the administrative law judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the administrative law judge who will rule upon the matter. The administrative law judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.  No less than 10 days (or any other period of time designated by the administrative law judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the administrative law judge for a ruling. If the investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the administrative law judge. The terms of this paragraph shall be inapplicable

to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the administrative law judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the administrative law judge concerning the issue of the status of confidential business information.

14. Upon final termination of this investigation, each party that is subject to this order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the administrative law judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. The Secretary shall serve a copy of this order upon all parties.

_____
David P. Shaw
Administrative Law Judge

Issued: January 28, 2015

Attachment A

NONDISCLOSURE AGREEMENT FOR
REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the investigation or hearing in *Certain Network Devices, Related Software and Components Thereof (I)*, Inv. No. 337-TA-944, except as permitted in the protective order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed _____

Dated _____

Firm or affiliation _____

CERTAIN NETWORK DEVICES, RELATED SOFTWARD AND COMPONENTS THEREOF (I):

INV. NO. 337-TA-944

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER NO. 1** has been served by hand upon the Commission Investigative Attorney, **Andrew Beverina, Esq.**, and the following parties as indicated, on  January 29, 2015            .

*[signature]*

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, DC 20436

| FOR COMPLAINANT CISCO SYSTEMS, INC.: | |
|---|---|
| D. Sean Trainor, Esq.<br>**KIRKLAND & ELLIS LLP**<br>655 15th Street, NW<br>Washington, DC 20005 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |
| **FOR RESPONDENT ARISTA NETWORKS, INC.:** | |
| Lauren A. Degnan, Esq.<br>**FISH & RICHARDSON P.C.**<br>1425 K Street, NW<br>11th Floor<br>Washington, DC 20005 | ( ) Via Hand Delivery<br>( ) Express Delivery<br>(X) Via First Class Mail<br>( ) Other: _____ |