# Nos. 16-2539, 16-2563

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**CISCO SYSTEMS, INC.**

                   Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**

                   Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ARISTA NETWORKS, INC.**

                   Appellant,

v.

**INTERNATIONAL TRADE COMMISSION,**

                   Appellee.

Appeal from the United States International Trade Commission,
Investigation No. 337-TA-944

## UNOPPOSED CONDITIONAL MOTION
## OF APPELLANT ARISTA NETWORKS, INC.
## FOR LEAVE TO INTERVENE IN APPEAL NO. 16-2539

Ruffin B. Cordell
Michael J. McKeon
Lauren A. Degnan
Linhong Zhang
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: 202-783-5070
degnan@fr.com

Brian P. Boyd
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: 404-892-5005

*Counsel for Appellant Arista Networks, Inc.*

## GROUNDS FOR THE MOTION AND RELIEF SOUGHT

On August 26, 2016, this Court issued an order consolidating the above-captioned appeals of Cisco System, Inc. ("Cisco") and Arista Networks, Inc. ("Arista"), treating them "in the nature of cross-appeals." *See* Appeal No. 16-2539, ECF Doc. No. 4. Given that Appeal Nos. 16-2539 and 16-2563 are consolidated and treated "in the nature of cross-appeals," it appears that there is no need for Arista to move to intervene in Cisco's appeal (or for Cisco to move to intervene in Arista's appeal), even though, had the cases remained separate or been severed, such a motion would be required for Arista to respond to arguments that Cisco makes in its appeal (and vice versa).

To the extent that it is necessary for Arista to intervene in Cisco's appeal, pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure, Arista moves for leave to intervene in Cisco's appeal, Appeal No. 16-2539. Arista seeks to intervene because it was a party-in-interest in the proceeding before the International Trade Commission (ITC) and Arista's interests therefore will be affected by any order entered on the issues reviewed in Cisco's appeal.

## BACKGROUND

On August 22, 2016, Cisco petitioned for review of the Commission's finding of no violation based on the U.S. Patent No. 7,340,597 ("'597 patent"), and this appeal was docketed as Appeal No. 16-2539. On August 24, 2016, Arista

1

petitioned for review of the Commission's finding of a violation based on U.S. Patent No. 7,162,537 ("'537 patent") and its issuance of a limited exclusion order and cease and desist order. Arista's appeal was docketed as Appeal No. 16-2563.

On August 26, 2016, this Court issued an order consolidating Cisco's and Arista's appeals, treating them "in the nature of cross-appeals" and setting a consolidated briefing schedule under which Arista, Cisco, and the Commission would respond to each other's arguments in a single set of briefs. *See* Appeal No. 16-2539, ECF Doc. No. 4. On September 1, 2016, Arista filed a motion asking the Court to sever and expedite its appeal, or in the alternative to make Arista's appeal (No. 16-2539) the lead appeal so that Arista could self-expedite by filing its opening brief early. On September 21, 2016, this Court granted Arista's motion in part and made its appeal the lead one. *See* Appeal 16-2539, ECF Doc. No. 29. On September 23, 2016, Arista filed its opening brief, in accordance with the schedule this Court set.

On September 23, 2016, Cisco filed an unopposed Motion for Clarification seeking, *inter alia,* "clarification to confirm that, by consolidating these appeals, the Court has deemed Cisco to be an appellee in Arista's appeal, such that Cisco is entitled to defend the aspects of the International Trade Commission decision below, just as it would as an intervenor pursuant to Federal Rule of Appellate procedure 15(d)." Appeal 16-2563, ECF Doc. No. 8 at 1. "[O]ut of an abundance

of caution," however, Cisco also filed a motion to intervene that same day. *Id.*

## LEGAL ARGUMENT

Arista interprets this Court's August 26 and September 21, 2016 orders as obviating the need for Arista and Cisco to intervene in each other's appeal for them to defend the favorable aspects of the ITC decision below. For example, the Court's August 26, 2016 order stated that the appeals would be treated "in the nature of cross-appeals" and that "one set of briefs should be filed." Appeal No. 16-2539, ECF Doc. No. 4 at 2. Treating the appeals "in the nature of cross-appeals" means that the parties all respond to each other's appealed issues and arguments in a single set of briefs. *See, e.g.*, Fed. R. App. P. 28.1(c) (governing briefs in cross-appeals).

Indeed, the Court's September 21, 2016 order specifically stated that Arista's second brief would be its "***response***/reply brief," meaning that Arista would submit a combined brief that was both a ***response*** to the issues Cisco raised in Cisco's opening brief, as well as a reply to Cisco's and the Commission's response to the issues Arista raised in its opening brief. Appeal No. 16-2539, ECF Doc. No. 29 at 2 (emphasis added); *see also* Fed. R. App. P. 28.1(c)(3).[1] Accordingly, Arista believes that the Court's orders are sufficiently clear that, in

---

[1] Under the prior briefing schedule, before Arista's appeal became the lead one, the Court likewise designated Cisco's second brief as a "response/reply brief." Appeal No. 16-2539, ECF Doc. No. 4 at 2.

Arista's second brief, it would have an opportunity to respond to Cisco's appeal and arguments related to the '597 patent. In its docketing statement filed in the consolidated appeal, for example, Arista noted that it intends to respond to Cisco's appeal regarding the '597 patent. Appeal No. 16-2539, ECF Doc. No. 11 at 1-2.

However, to the extent that a motion to intervene is necessary, Arista respectfully submits that its intervention in Cisco's appeal, Appeal No. 16-2539, is appropriate because Arista has a substantial interest in this appeal. Arista was the respondent in Investigation No. 337-TA-944 before the ITC and actively and extensively participated in this proceeding, which resulted in the Commission's approving an Initial Determination that found no violation based on the '597 patent.

Cisco's appeal challenges the ITC's determination of no violation, and any decision of this Court will significantly affect Arista's interests because it may determine whether Arista's products infringe and should be subject to ITC remedial orders. Therefore, Arista should be permitted to intervene in this appeal. *See Surface Tech., Inc. v. Int'l Trade Comm'n,* 780 F.2d 29, 31 (Fed. Cir. 1985) (noting that respondents in ITC proceeding were "entitled to participate in [the] appeal before this court"). This Court has routinely permitted the prevailing party to intervene in an appeal from a section 337 investigation. *See, e.g., Microsoft Corp. v. Int'l Trade Comm'n*, Case No. 12-1445, DI 34, Fed. Cir. (Aug. 6, 2012);

4

*see also Modine Mfg. Co. v. Int'l Trade Comm'n*, 75 F.3d 1545 (Fed. Cir. 1996) (respondents before the Commission intervened in an appeal of an Order finding no violation of section 337), *abrogated on other grounds*, *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558 (Fed. Cir. 2000) (en banc).

Arista moves for leave to intervene because its interests are directly at issue. Arista was the respondent in the underlying Commission investigation and actively participated in every aspect of that investigation. Arista has invested substantial resources in the deployment of its accused products and in defending itself throughout the Commission's investigation. The outcome of the investigation and Cisco's appeal are extremely important to Arista because Cisco seeks to exclude Arista's network devices, related software, and components thereof from entering the United States.

In addition, without such intervention, this Court may be deprived of a full exposition of the legal issues essential to a proper decision on this matter. Arista is uniquely situated to address many of the issues raised on appeal, to assist the Appellee, i.e., the Commission, in ensuring the completeness and accuracy of the record, and to assist the Court by briefing and arguing issues presented from Arista's viewpoint. "If, in disposing of [Cisco's appeal], this court vacates [the Commission's orders], it necessarily follows that [Arista's] rights [vis-a-vis the asserted] patents would be affected." *Canadian Tarpoly Co. v. Int'l Trade*

5

*Comm'n*, 649 F.2d 855, 857 (C.C.P.A. 1981). The Commission may not adequately represent Arista's interests. *Id.* Accordingly, Arista has an interest in this appeal, and respectfully requests that this Court grant its motion to intervene.

Finally, Arista is filing this motion thirty-five (35) days after Cisco's August 22, 2016 petition for review. Although this motion comes five days after the thirty days provided by this Court's Practice Notes, *see* Fed. Cir. R. 15, Practice Notes, Arista submits that, should a motion to intervene be required, there is good cause to grant the motion because Arista relied on this Court's August 26 and September 21, 2016 orders, and the parties have expected that Arista (and Cisco) would be entitled to respond to the arguments of the other given that the Court is treating the appeals in the nature of cross-appeals.

## STATEMENT OF CONSENT OR OPPOSITION

Pursuant to Federal Circuit Rule 27(a)(5), Counsel for Arista has discussed this Motion with counsel for Cisco and the ITC. Neither Cisco nor the ITC opposes this Motion or intends to file a response.

Dated: September 26, 2016            Respectfully submitted,

/s/ Lauren A. Degnan

Ruffin B. Cordell
Michael J. McKeon
Lauren A. Degnan
Linghong Zhang
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: 202-783-5070
Fax: 202-783-2331
RBC@fr.com
MJM@fr.com
LAD@fr.com
Zhang@fr.com

Brian P. Boyd
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: 404-892-5005
Fax: 404-892-5002
BPB@fr.com

*Counsel for Appellant Arista Networks, Inc.*

# CERTIFICATE OF INTEREST

Counsel for the Appellant Arista Networks, Inc. certifies the following:

1. The full name of every party or amicus represented by me is: Arista Networks, Inc.

2. The name of the real party in interest: Arista Networks, Inc.

3. Parent corporations and any publicly held companies that own 10% or more of the stock of the party are: None.

4. The names of all law firms and the partners and associates that appeared for the party in the lower tribunal or are expected to appear for the party in this court and who are not already listed on the docket for the current case are:

    **Fish & Richardson P.C.**: Frank J. Albert; Michael J. Ballanco*; Juanita R. Brooks; Robert P. Courtney; John A. Dragseth; Christopher W. Dryer; Thomas F. Fusco; Alexksandr Gelberg; Daniel R. Gopenko; David J. Goren; Kevin E. Greene*; David J. Healey; Leeron G. Kalay; Steven A. Katz; Andrew R. Kopsidas; Zachary Loney; Ralph A. Phillips; Elizabeth G.H. Ranks; Jennifer M. Rea*; Thomas H. Reger II; W. Karl Renner; Adam R. Shartzer; Christopher Smith*; Seth M. Sproul; Richard A. Sterba; Kevin Su; Michael C. Tyler; Ronald Vogel; Markus Weyde; Linhong Zhang
    *no longer with the Firm

    **Keker & Van Nest LLP**: Brian Ferrall; Michael Kwun; Elizabeth K. McCloskey; David J. Silbert; Robert A. Van Nest

    **Latham & Watkins LLP**: Matthew Aichele; Dale Chang; Michael A. David; Adam M. Greenfield; Julie M. Holloway; Jeffrey G. Homrig; Brian W. Lewis; Alex Manlap Li; Douglas E. Lumish; Nathanial J. McPherson; Bert C. Reiser; Brett Sanford; Amy L. Thomas; Thomas W. Yeh; Patricia Young

    **Mayer Brown LLP**: Warren Payne; Howard W. Waltzman

**Tensegrity Law Group, LLP:** Paul T. Ehrlich; Robert L. Gerrity; William P. Nelson; Matthew D. Powers; Stefani C. Smith; Jonathan G. Tamiami

Date: September 26, 2016          /s/ Lauren A. Degnan
                                  Lauren A. Degnan

# CERTIFICATE OF SERVICE

I certify that on September 26, 2016, I caused to be electronically filed the foregoing UNOPPOSED CONDITIONAL MOTION OF APPELLANT ARISTA NETWORKS, INC. FOR LEAVE TO INTERVENE IN APPEAL NO. 16-2539 using the Court's CM/ECF filing system.  Counsel for all other parties were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) and 25(b).

By: /s/ Lauren A. Degnan
Lauren A. Degnan